UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARK CHRISTOPHER
WILLIAMS,

    Plaintiff,

v.                                          Case No.:  2:21-cv-116-SPC-MRM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Unopposed Petition and Memorandum in Support for Reasonable Attorney Fees Pursuant to 42 U.S.C. § 406(b).  (Doc. 29).  Plaintiff's counsel represents that the Commissioner does not object to the relief requested therein.  (*Id.* at 3).  Because the motion is unopposed, the Undersigned deems the matter to be ripe.  For the reasons stated herein, the Undersigned recommends that the motion be **GRANTED in part** and **DENIED in part**.

## PROCEDURAL BACKGROUND

On February 23, 2017, the Court entered an Opinion and Order reversing and remanding this action to the Commission for the Administrative Law Judge to:

> (1) review . . . the weight given to Dr. Brodsky's medical opinion, (2) review the apparent inconsistency between the weight given to the January 31, 2014 treating source opinion and Dr. Brodsky's opinion, and (3) state with specificity the frequency of Plaintiff's need to alternate sitting and standing.

*Williams v. Comm'r of Soc. Sec.*, No. 2:16-cv-00011-MRM, Doc. 30 at 14 (M.D. Fla. Feb. 23, 2017). On March 22, 2017, Plaintiff filed Plaintiff's Petition for EAJA Fees Pursuant to 28 U.S.C. 2312 (d) [sic]. *See id.*, Doc. 32 (M.D. Fla. Mar. 22, 2017). On April 28, 2017, the Court entered an Order awarding $7,684.37 in attorney's fees and $24.00 in paralegal fees under 28 U.S.C. § 2412(d).[1] *See id.*, Doc. 33 at 4 (M.D. Fla. Apr. 28, 2017). The Court found that the "fees may be paid directly to counsel if the United States Department of Treasury determines that no federal debt is owed." *See id.*

Then in this case, on November 2, 2021, the Court entered an Opinion and Order reversing and remanding this action to the Commission for the Administrative Law Judge to:

> [O]btain supplemental evidence from a vocational expert to determine whether there are a significant number of jobs in the national economy that Plaintiff can perform, pose a complete hypothetical question to the vocational expert that includes all the Plaintiff's exertional and non-exertional limitations, identify and resolve any apparent conflicts between the vocational expert's testimony and information in the Dictionary of Occupational Titles, offer Plaintiff the opportunity for a new hearing, and take any other action deemed necessary.

---

[1] Plaintiff attaches the Court's May 1, 2017 Amended Judgment in a Civil Case that awards Plaintiff's counsel $7,684.37 in attorney's fees and $24.00 in paralegal fees under the EAJA, (*see* Doc. 29-5); *see also Williams*, No. 2:16-cv-00011-MRM, Doc. 34 at 1 (M.D. Fla. May 1, 2017), but fails to acknowledge, let alone discuss, the $24.00 paralegal fee award in the instant motion, (*see* Doc. 29). The Undersigned recommends that the previously awarded $24.00 paralegal fee be included in the EAJA fee amount deducted from Plaintiff's counsel's 406(b) award. *See Ballard v. Colvin*, No. 2:10-cv-765-FTM-29, 2013 WL 3359530, at *2 (M.D. Fla. July 3, 2013) (deducting $36.00 for paralegal fees from Plaintiff's counsel's 406(b) fee award).

(*See* Doc. 22). On January 4, 2022, Plaintiff filed Plaintiff's Unopposed Petition for EAJA Fees Pursuant to 28 U.S.C. § 2412 (d) [sic]. (Doc. 25). On January 20, 2022, the Court entered an Opinion and Order awarding $8,385.00 in attorney's fees under 28 U.S.C. § 2412(d). (*See* Doc. 27). The Court found that "[i]f the United States Department of Treasury determines that Plaintiff does not owe a federal debt, the Government may pay these fees directly to Plaintiff's counsel." (*See id.*).

On remand, the Commissioner issued a fully favorable decision. (*See* Doc. 29 at 4; *see also* Doc. 29-1). The Social Security Administration issued a Notice of Change in Benefits dated June 6, 2022. (Doc. 29-1). The Administration stated that it is "withholding [Plaintiff's] Social Security benefits for August 2010 through May 2022," in the amount of "$143,070.00." (*Id.* at 2-3).

Plaintiff's counsel now requests that the Court award attorney's fees under 42 U.S.C. § 406(b) from Plaintiff's past-due benefits in the amount of $35,767.50. (Doc. 29 at 3-4). Counsel states that "the EAJA fees in the amount of $16,069.37 will be returned to the Plaintiff." (*Id.* at 3 (citing Docs. 29-5, 29-6)). Plaintiff's counsel asserts that Plaintiff was entitled to past-due benefits of $143,070.00, from which 25% could be applied to attorney's fees, subject to reimbursement of any fees paid under the EAJA. (*See* Doc. 29 at 4). Subject to this reimbursement, Plaintiff's counsel asserts that they are entitled to 25% of the $143,070.00 past-due benefits awarded, for a total fee award of $35,767.50. (Doc. 29 at 1).

## ANALYSIS

42 U.S.C. § 406(b) allows the Court to award a successful claimant's counsel fees for work performed before the Court. However, the fees must be a "reasonable" amount and must not exceed twenty-five (25) percent of the total past-due benefits awarded to the claimant. 42 U.S.C. § 406(b); *Coppett v. Barnhart*, 242 F. Supp. 2d 1380, 1382 (S.D. Ga. 2002). Section 406(b) does not replace the contingent-fee agreement between client and counsel, but it does require the Court to examine the agreement, to examine the amount of fees, and to make an independent determination that the fees are reasonable for the results in a particular case. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).

When approaching fee determinations in this context, a court engages in a three-step process. *See Gisbrecht*, 535 U.S. at 808. First, the court looks to the contingent-fee agreement and verifies that it is reasonable. *See id*. Second, the court determines whether counsel delayed the case. *See id.* Third, the court evaluates whether the benefits are large in comparison to the amount of time counsel spent on the case. *See id*. As to the third step, the court may require that counsel submit a record of the hours spent and counsel's normal hourly billing rate to aid the court in making its determination as to reasonableness. *Id*.

**A.   The Contingent-Fee Agreement Is Reasonable**.

Under the first step, the Undersigned has reviewed the Federal Court 406(b) Fee and Cost Agreement that Plaintiff executed on January 22, 2021. (*See* Doc. 29-

4

2); *see also Gisbrecht*, 535 U.S. at 808. This agreement states that "the Attorney may charge 25% of retroactive benefits pursuant to Sec. 406(b) subject to approval by the Court, representing work done before the Federal Court." (Doc. 29-2). The Undersigned finds that the Federal Court 406(b) Fee and Cost Agreement complies with 42 U.S.C. § 406(b) in that it allows a fee award equal to but not more than 25% of the past-due benefits. Thus, the Undersigned finds that the Federal Court 406(b) Fee and Cost Agreement is reasonable.

      **B.**    **There Is No Evidence of Delay**.

Under the second step, the Undersigned has thoroughly reviewed the record to determine whether counsel delayed the proceedings. *See Gisbrecht*, 535 U.S. at 808. The Undersigned finds no evidence that counsel delayed the case, and the Commissioner makes no such argument. Thus, counsel's request for attorney's fees should not be denied or reduced for delay.

      **C.**    **The Requested Fees Are Proportional to the Time Spent**.

Under the third step, the Court's prior Orders awarding fees under the EAJA found both the number of hours expended in this case and counsel's hourly rate to be reasonable. (*See* Docs. 26, 27); *Williams*, No. 2:16-cv-00011-MRM, Doc. 33 (M.D. Fla. Apr. 28, 2017); *see also Gisbrecht*, 535 U.S. at 808. In connection with the instant motion, moreover, the Undersigned has reviewed the number of hours Plaintiff's counsel expended, the hourly rate requested, and the other supporting materials filed by Plaintiff's counsel. (*See* Docs. 29-3, 29-4). Additionally, even though Plaintiff's

5

counsel's requested fees would result in a rate of roughly $477.54 per hour, (*see* Doc. 29 at 6), the Undersigned finds that the rate is still within the realm of what other jurists within this district have found reasonable. *See, e.g.*, *Carpenter v. Astrue*, No. 8:10-cv-290-T-TGW, 2012 WL 367261, at *1 (M.D. Fla. Feb. 3, 2012) (approving a contingency fee equaling approximately $852 per hour); *Vilkas v. Comm'r of Soc. Sec.*, No. 2:03-cv-687-FtM-29DNF, 2007 WL 1498115, at *2 (approving a contingency fee equaling approximately $1,121.86 per hour).

Upon careful review and consideration, the Undersigned finds that the amount of fees requested by counsel is reasonable and not too large when compared to the time spent on the case.

Finally, the Undersigned recommends that Plaintiff's counsel be ordered to remit $16,093.37 in prior EAJA fee awards to Plaintiff.[2] Notably, Plaintiff asserts that his counsel was awarded $7,684.37 in attorney's fees and $24.00 in paralegal fees under the EAJA on May 1, 2017, (*see* Doc. 29-5), and $8,385.00 in attorney's fees under the EAJA on January 21, 2022, (*see* Doc. 29-6). Thus, the Undersigned recommends that the previously awarded $7,684.37 in attorney's fees, $24.00 in paralegal fees, and $8,385.00 in attorney's fees all be included in the EAJA fee that Plaintiff's counsel is ordered to remit. *See Ballard*, 2013 WL 3359530, at *2 (deducting $36.00 for paralegal fees from Plaintiff's counsel's 406(b) fee award).

---

[2] Plaintiff's counsel asserts that only $16,069.37 will need to be returned to Plaintiff. (*See* Doc. 29 at 3). However, this figure fails to account for the $24.00 paralegal fee awarded to Plaintiff's counsel on May 1, 2017. (*See* Doc. 29-5).

Accordingly, the Undersigned finds that Plaintiff's counsel is entitled to the total fee award requested.

## CONCLUSION

For the reasons above, the Undersigned **RESPECTFULLY RECOMMENDS** that:

1. Plaintiff's Unopposed Petition and Memorandum in Support for Reasonable Attorney Fees Pursuant to 42 U.S.C. § 406(b) (Doc. 29) be **GRANTED in part** and **DENIED in part** as set forth below.

2. The Court award Plaintiff's counsel $35,767.50 in attorney's fees under 42 U.S.C. § 406(b) and direct the Commissioner of Social Security to pay Plaintiff's counsel $35,767.50.

3. The Court order that, upon Plaintiff's counsel's receipt of these fees, Plaintiff's counsel must remit the $16,093.37 prior fee awarded under the EAJA to Plaintiff.

4. The Court order that, if applicable, the Commissioner of Social Security must also pay directly to Plaintiff any remaining portion of the past-due benefits previously withheld pending the Court's determination of attorney's fees. (*See* Doc. 29-1).

5. The Court direct the Clerk of Court to enter an amended judgment awarding $35,767.50 to Plaintiff's counsel for attorney's fees.

6.  That Plaintiff's motion be denied to the extent that it seeks any greater or different relief.

**RESPECTFULLY RECOMMENDED** in Chambers in Fort Myers, Florida on June 14, 2022.

_____
Mac R. McCoy
United States Magistrate Judge

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties