UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARK CHRISTOPHER WILLIAMS,

    Plaintiff,

v.                                                  Case No.:  2:21-cv-116-SPC-MRM

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

## **OPINION AND ORDER**[1]

Before the Court is United States Magistrate Judge Mac R. McCoy's Report and Recommendation (Doc. 30) on Plaintiff's Unopposed Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b) (Doc. 29). Judge McCoy recommends granting in part and denying in part the Motion. Neither party objects to the Report and Recommendation, and the time to do so has expired.

After conducting a careful and complete review of the findings and recommendations, a district judge "may accept, reject, or modify, in whole or in part," the magistrate judge's R&R. 28 U.S.C. § 636(b)(1)(C). In the absence

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

of specific objections, there is no requirement that a district judge review the R&R *de novo*. *See Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993). Instead, when parties don't object, a district court need only correct plain error as demanded by the interests of justice. *See, e.g.*, *Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Thomas v. Arn*, 474 U.S. 140, 150-52 (1985). Plain error exists if (1) "an error occurred"; (2) "the error was plain"; (3) "it affected substantial rights"; and (4) "not correcting the error would seriously affect the fairness of the judicial proceedings." *Farley v. Nationwide Mut. Ins.*, 197 F.3d 1322, 1329 (11th Cir. 1999).

After examining the file independently and upon considering Judge McCoy's findings and recommendations, the Court accepts and adopts the Report and Recommendation.

Accordingly, it is now

**ORDERED:**

1. The Report and Recommendation (Doc. 30) is **ACCEPTED** and **ADOPTED** and the findings incorporated herein.

2. Plaintiff's Unopposed Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b) (Doc. 29) is **GRANTED in part and DENIED in part**.

    a. Plaintiff's counsel is awarded $35,767.50 in attorney's fees under 42 U.S.C. § 406(b);

b. The Commissioner of Social Security is directed to pay Plaintiff's counsel $35,767.50.

c. Upon Plaintiff's counsel's receipt of these fees, Plaintiff's counsel must remit the $16,093.37 prior fee awarded under the EAJA to Plaintiff.

d. If applicable, the Commissioner of Social Security must also pay directly to Plaintiff any remaining portion of the past-due benefits previously withheld pending the Court's determination of attorney's fees.  *See* Doc. 29-1.

e. The Clerk is directed to enter a judgment awarding $35,767.50 to Plaintiff's counsel for attorney's fees.

f. Plaintiff's Motion is denied to the extent it seeks any greater or different relief.

**DONE** and **ORDERED** in Fort Myers, Florida on June 29, 2022.

*[signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

3